IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**LAWSON KEITH PILGRIM**                                                                 **PLAINTIFF**

VS.                                         CASE NO. 4:05-CV-522

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;**
**STATE FARM LIFE INSURANCE COMPANY;**
**STATE FARM FIRE & CASUALTY COMPANY;**
**STATE FARM GENERAL INSURANCE COMPANY;**
**AND MARSHA PATTERSON**                                                                 **DEFENDANTS**

## MOTION TO WITHDRAW AS COUNSEL

COMES, McHenry, McHenry and Taylor, current counsel for Plaintiff, Lawson Pilgrim, and moves this Court to grant its Motion to Withdraw as Counsel, pursuant to the Arkansas Rules of Professional Conduct and local Rule 83.5(f).

1.   Plaintiff and Movants have agreed to the terms of representation. Plaintiff has refused to sign a written memorialization of those terms but has acknowledged in writing both the percentage to be charged and the fact of representation . Representation of Plaintiff began before the filing of the Complaint on March 28, 2005.

2.   Prior to the filing of the instant case, Plaintiff had been represented by other counsel who filed Case Number 4:02-CV-00596. That case was dismissed.

3.   Movants have diligently and effectively represented Plaintiff for approximately (2) years. During that period, Movants have revived Plaintiff's dismissed causes of action, pursued new causes of actions, taken many depositions, successfully defeated Defendants' Motions for Summary Judgment and obtained reasonable offers of compromise from Defendants. Further, counsel believe that a reasonable compromise is still possible.

4.      Notwithstanding Movants' successful representation of Plaintiff to date, certain fundamental differences of opinion, regarding the scope of representation, trial strategies, and other litigation matters, between Movants and the Plaintiff has arisen.  These differences of opinion and the ethical requirements imposed on Movants are so basic to the issues involved in this action, as to compel Movants to withdraw from representation.

5.      Movants seek to withdraw on grounds that one or more of the circumstances set forth in Rules 1.2 and 1.16 of the Arkansas Rules of Professional Conduct permits withdrawal of representation, by leave of Court, after notice to the client (client notified verbally and formally on October 5, 2006).  The Rules cited above state respectively:

>   Rule 1.2:   Scope of Representation and Allocation or Authority Between Client and Lawyer.
>
>   (a)   Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation, and, as required by Rule 1.4 shall consult with the client as to the means by which they are to be pursued.  A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.  A lawyer shall abide by a client's decision whether to settle a matter.  In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.
>
>   (b)   A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities.
>
>   (c)   A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.
>
>   (d)   A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

Rule 1.16:   Declining or Termination of Representation.

(a)   Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if;

(1)   withdrawal can be accomplished without material adverse effect on the interests of the client;

(2)   the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3)   the lawyer is charged.

(b)   Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1)   withdrawal can be accomplished without material adverse effect on the interests of the client;

(2)   the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3)   the client has used the lawyer's services to perpetrate a crime or fraud;

(4)   a client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5)   the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)   the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client, or

(7)   other good cause for withdrawal exists.

(c)   A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation.  When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

    (d)    Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred.  The lawyer may retain papers relating to the client to the extent permitted by other law.

The presence of one of these circumstances is sufficient grounds to permit withdrawal.

    6.    Plaintiff has been informed, in writing, of the full and complete basis on which Movants seek withdrawal, as well as the intention of Movants to file this Motion.  Movants have advised Plaintiff, in writing, of the need to confer with any other counsel, or advisors with whom he consults in order that he may proceed with his case should this Court grant Movants' request to withdraw as counsel.  Plaintiff does oppose this motion.  Also, if counsels' Motion to Withdraw is granted, all proceedings should be stayed for a reasonable time for Plaintiff to procure counsel and allow that counsel the time and opportunity to review the lengthy file and discovery.

    7.    The trial of this case is currently scheduled for the week of October 30, 2006. Movants are aware of the pendency of the trial date and also aware of motions pending seeking materials and testimony that Defendants have refused to provide.  Movants feel that the documents, information, and witnesses are essential for an effective and fair presentation of Plaintiff's case.  Therefore, Movants believe a continuance of this case is warranted which will allow Plaintiff's other counsel the time necessary to proceed expeditiously.

    8.    The filing of this motion does not, in any way, comment on the Movants' view of the merits of this case.  Movants have always and continue to believe that Plaintiff has a meritorious lawsuit.  The Movants will remain available to consult with Plaintiff's chosen

counsel and provide them with all available information so as not to adversely affect Plaintiff.

9.     Counsel stands ready to release the file to other counsel.  However, our firm will maintain an attorney lien for a fee and out of pocket expenses if any recovery is obtained.  If no recovery is ever obtained, there is no fee or costs.

10.    Movants respectfully request leave to present the factual basis of the Motion to Withdraw to the Court in camera and under seal.

WHEREFORE, Movants, McHenry, McHenry & Taylor, pray that this Court grant their Motion to Withdraw, relieve them of any of the duties and responsibilities of representation of the Plaintiff, provide for reasonable attorney's fees and reimbursement of costs in the event of a recovery by settlement or Judgment for their effective and zealous representation of Plaintiff, and provide for all other relief to which they may be entitled.

Respectfully submitted,

/s/   Gregory D. Taylor
Gregory D. Taylor
McHenry, McHenry & Taylor
8210 Henderson Road
Little Rock, AR 72210
(501) 372-3425

## CERTIFICATE OF SERVICE

I, Gregory D. Taylor, do hereby certify that a true and correct copy of the foregoing pleading has been provided to the following attorneys, via the Court's electronic case filing, for proper delivery, this___ day of October, 2006:

Jerry M. Hunter
Bryan Cave, LLP
One Metropolitan Square

211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750

/s/  Gregory D. Taylor
Gregory D. Taylor